IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Shonta M. Bellamy, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| Life Insurance Company of North America, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable

Court as follows:

I.

Plaintiff is a citizen and resident of Little River, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of

one of the States of the United States, and which does business in Little River, South

Carolina.

III.

In this matter, Plaintiff seeks long term disability and life insurance waiver of

premium benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this

court has jurisdiction to hear this matter based upon a federal question.  Defendant is subject

to jurisdiction in this court because it has more than minimum contacts with this forum (*see*

29 U.S.C. § 1132(e)), and a number of the events transpiring during the review of Plaintiff's

claim occurred in this forum.

IV.

Until January 2021, Plaintiff was employed with McLeod Health and as an employee of McLeod Health, Plaintiff was provided with long term disability and life insurance waiver of premium coverage via a plan which was fully insured by Defendant. Besides being the insurer of the plan, Defendant is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of deciding whether benefits are payable. As the claim administrator, insurer, and fiduciary of the plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff became disabled because of certain problems from which she suffered, Plaintiff was forced to cease working and she filed a claim for long term disability and life insurance waiver of premium benefits.

VI.

Defendant denied Plaintiff's claim. Plaintiff appealed the denial and fully exhausted administrative remedies, but Defendant has failed and refused to provide additional benefits.

VII.

Defendant made its claim decision while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claim. The Defendant's decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Instead, the Defendant's decision was reached by Defendant ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased

information and flawed expert opinions.  Accordingly, Defendant operated under a conflict

of interest which improperly and significantly influenced its claim decision.

## FOR A FIRST CAUSE OF ACTION

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth

herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record

compiled in this case and any other evidence relevant to any factors discussed by *Champion*

*v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard

of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the

benefits which she seeks under the terms of the plan.  In the event that the court reviews the

record and/or other relevant information and determines that the Defendant abused its

discretion or that its decision is not supported by the record, but that the substance of the

record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks

that, in the event of such a finding, that the court exercise its inherent power to remand

Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.

Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays

that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff

prays for a declaration of entitlement to the long term disability and life insurance waiver of

premium benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs

pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and

proper, including pre-judgment interest on all benefits due from the point at which benefits

were payable through the time of judgment.

s/ Nathaniel W. Bax
Nathaniel W. Bax, Esq.
Federal Bar #:  09835
**FOSTER LAW FIRM, LLC**
25 Mills Avenue
Greenville, SC 29605
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  nbax@fosterfoster.com

Date: <u>January 19, 2024</u>                   Attorneys for Plaintiff